

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **FREDERICK L. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:06-CV-2287-RDP** |
| | ) | |
| **AMSOUTH BANK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

Pending before the court is Defendant's Motion to Dismiss (Doc. # 2) filed on October 30, 2006.  The motion has been fully briefed by the parties and the court held an evidentiary hearing  on November 16, 2006.[1]  For the reasons discussed below, the court finds that Defendant's Motion to Dismiss is due to be granted, and, therefore, all claims in this action against Defendant are due to be dismissed.

## II.    STATEMENT OF FACTS

Plaintiff Frederick L. Smith ("Plaintiff") filed the present action on September 28, 2006 in the Circuit Court of Jefferson County, Alabama and Defendant AmSouth Bank ("Defendant") properly removed it to federal court on the basis of 28 U.S.C. § 1331 on October 30, 2006.  (Doc. # 1 Ex. A 2–6, 10).  Plaintiff is a former employee of AmSouth Bank and claims that Defendant discriminated against him on the basis of age, race, and sex under Title VII, and on the basis of

---

[1]It is important to note that at the hearing, Plaintiff was candid and forthright with the court regarding dates, records, and all other evidence and arguments relating to Defendant's motion. Plaintiff is to be commended and the court greatly appreciates his honesty and preparedness in this case.

disability under the ADA.  (Doc. # 1 Ex. A at 6, 8; Doc. # 6 at 4–5).  Plaintiff alleges that Defendant failed to accommodate his disability while he worked for them as a mail sorter and was subsequently terminated because of this and other discriminatory policies.  (Doc. # 1 Ex. A at 8; Doc. # 6 at 4–5). Plaintiff claims this wrongful termination has damaged his financial condition, including his credit rating, and his ability to gain substantially similar employment.  (Doc. # 6 at 5–7).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 3, 2005 and received a right-to-sue letter on May 17, 2005 or shortly thereafter.  (Doc. # 1 Ex. A at 7–9).  Plaintiff does not recall receiving this original right-to-sue letter, but "thinks [he] did receive the original."  (Nov. 16, 2006 Hearing Transcript ("Tr.") at 2:9–14).  Plaintiff requested and was mailed another copy of the EEOC right-to-sue letter on July 25, 2005.  (Doc. # 1 Ex. A at 7).  During this time, Plaintiff was represented by an attorney and engaged in settlement negotiations with Defendant.  (Tr. at 2:18–3:15, 9:18–11:13).  After rejecting Defendant's settlement offer, Plaintiff continued to be represented by this attorney until October 10, 2005.  (*Id.* at 9:18–11:13). Plaintiff confirms that any communications between Defendant and himself occurred either through his former attorney or (in the case of direct communications with Defendant) after he filed suit on September 28, 2006.  (*Id.* at 3:3–3:15).  Plaintiff admits that he did not have any communications with any court before filing his claim in the Circuit Court of Jefferson County, Alabama.  (*Id.* at 5:2–11).

## III.    STANDARD OF REVIEW

Defendant has challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).  Specifically, Defendant argues that Plaintiff

did not timely file his action, and, thus, it must be dismissed for failing to comply with the statutory prerequisites outlining the mandatory filing period.  (Doc. # 2 at 2–3).  A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).  Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make

3

liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

## IV.   DISCUSSION

Defendant moves to dismiss this action, noting that the statutory period within which a private litigant may file a claim in federal district court is ninety days after the plaintiff's receipt of a right-to-sue letter from the EEOC, 42 U.S.C. § 2000e-5(f)(1), and asserting that Plaintiff failed to timely file his claim.  Plaintiff did not file this action until September 28, 2006 and the cutoff date for filing an action in this case would have been August 15, 2005.  (Doc. # 1 Ex. A).  Plaintiff has presented a variety of reasons explaining why he failed to bring suit within ninety days of his receipt of the right-to-sue letter.  Unfortunately, the court is compelled by statutory language and precedent to find each of Plaintiff's reasons inadequate to toll the statute of limitations, and, therefore, must grant Defendant's motion to dismiss Plaintiff's action as untimely.[2]

### A.   Plaintiff's Claim is Untimely Under the Statutory Filing Requirements

Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA") are designed to prevent discriminatory treatment of employees on the basis of race, sex, and disability (among other things) by their employers.  42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 12012. However, both statutes have certain rules governing when a private litigant may file an action, including a statute of limitations for filing claims in any court.  Under Title VII, these procedures are set forth in 42 U.S.C. § 2000e-5(f)(1), which provides:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c)

---

[2]The court does not reach the merits of any of Plaintiff's claims against Defendant.

or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, **the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved** or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

(Emphasis added).  The same procedure and statute of limitations for filing a claim is incorporated by reference in the ADA.  42 U.S.C. § 12117(a).

### B.   Plaintiff's Claim Is Untimely Under Case Law Interpretations of the Statutory Filing Requirements

Courts have long recognized that ninety days is the statutory period for filing a private action brought under Title VII and/or the ADA.  *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (holding that the filing of an EEOC right-to-sue letter does not satisfy the 90-day statutory limitation period under Title VII)*; Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1331–32 (11th Cir.1984).  In fact, this circuit has held that even a *pro se* litigant must commence his claim under these statutes within ninety days of his receipt of the EEOC right-to-sue letter. *Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 F. App'x 134 (11th Cir. 2005).  In the present case, the EEOC has a record of first issuing Plaintiff a right-to-sue letter on May 17, 2005, making the cutoff date for filing an action in this case August 15, 2005.  (Doc. # 2 Ex. C).  Plaintiff told the court that he did not recall whether or not he received this original right-to-sue letter, but he "think[s] [he] did receive the original."  (Tr. at 2:9–14).  But even if he did not receive the original letter, Plaintiff acknowledges receiving a second copy of this right-to-sue letter on July 25, 2005,

which would put the cutoff date for filing an action on October 24, 2005.  (Doc. # 2 Ex. C).

Therefore, under the statutory requirements, Plaintiff's claim is untimely and due to be dismissed.

**C.    Plaintiff's Claim Is Not Subject to Equitable Tolling**

Notwithstanding the statute of limitations found in Title VII and the ADA, the requirement

that a private action under Title VII or the ADA must be commenced within ninety days of a

claimant's receipt of a right-to-sue letter is subject to equitable tolling in the appropriate

circumstances, such that the period for filing a private action may be delayed.  *See Goldsmith v. City*

*of Atmore*, 996 F.2d 1155, 1161 (11thCir. 1993).  In *Goldsmith*, the Eleventh Circuit elaborated on

the application of equitable tolling in Title VII and ADA cases:

> [The *pro se* plaintiff's filing period was tolled] under the principles of equitable
> tolling.  *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir.1983) (90
> day rule is subject to equitable tolling); *Jackson v. Seaboard Coast Line R.R. Co.*,
> 678 F.2d 992, 1007 (11th Cir.1982) (90 day rule is not jurisdictional).  **Equitable**
> **tolling may be justified where the plaintiff actively pursued judicial remedies**
> **by filing a defective pleading within the statutory period**, *see Irwin v. Veterans*
> *Admin.*, 498 U.S. 89, 96 (1990); *Scholar v. Pacific Bell*, 963 F.2d 264, 267–68 (9th
> Cir.), cert. denied, 506 U.S. 868 (1992), **or where the plaintiff has been misled by**
> **the court into believing that a filing was effective**, *see Baldwin County Welcome*
> *Center v. Brown*, 466 U.S. 147, 151 (1984); *Hill v. John Chezik Imports*, 869 F.2d
> 1122, 1124 n. 2 (8th Cir. 1989).

996 F.2d at 1161 (emphasis added).  Another situation in which this statutory period may be subject

to equitable tolling is when a claimant is tricked by his adversary into allowing the filing deadline

to pass.  *See Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990).

The burden is on Plaintiff to show that he is entitled to the "extraordinary" remedy of

equitable tolling.  *Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 F. App'x 134, 136

(11th Cir. 2005).  Plaintiff presents the court with several reasons as to why the statutory period for

filing his claim should be tolled.  First, Plaintiff says that he previously had an attorney, but that

attorney was not qualified to handle federal cases, and he has been unable to find an attorney since separating from his former attorney's representation on October 10, 2005.[3] (Tr. at 2:18–24, 4:20–21; Doc. # 6 at 3–4). However, as previously noted, the statute of limitations for filing a claim under Title VII or the ADA is not tolled simply because a litigant is unrepresented by an attorney. *Williams*, 147 F. App'x. at 134–36. Plaintiff adds that he was unaware that he could file suit on his own, without representation. Again, in this circuit that is not an adequate reason to toll the statutory filing period. *See id.*; *see also Irwin*, 498 U.S. at 96. Additionally, Plaintiff cites other, more personal reasons, such as his mental and emotional health, his stress level, the need for him to find other jobs, and the demands of his daily life as reasons for his untimely filing. (Tr. at 2:18–3:2, 5:24–6:20). Unfortunately again, as noted above, none of these reasons would serve to toll the filing period for his claims. *See Irwin*, 498 U.S. at 96; *Goldsmith*, 996 F.2d at 1161.

Plaintiff admits that he did not have any communication with any court before filing his claim in the Circuit Court of Jefferson County, Alabama. (Tr. at 5:2–11). Thus, he has not "actively pursued judicial remedies by filing a defective pleading within the statutory period," nor was he "misled by the court into believing that a filing was effective." *Goldsmith*, 996 F.2d at 1161. Moreover, Plaintiff confirms that any communications between Defendant and himself occurred either through his former attorney or (in the case of communications he had directly with Defendant) after he filed suit on September 28, 2006; therefore, he does not claim that Defendant tricked him into allowing the filing deadline to pass. (Tr. at 3:3–3:15). *See Irwin*, 498 U.S. at 96. Because it finds there is no legally sufficient reason to apply equitable tolling in the present case, the court has

---

[3]Even assuming that the statutory period did not begin to run until Plaintiff separated from his former attorney, the statutory cutoff for filing an action would have been January 9, 2006.

7

no choice but to find that Plaintiff's action is untimely filed and should be dismissed.

## V.    CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is due to be granted and all claims in this case against Defendant are due to be dismissed with prejudice.  An appropriate order will accompany this opinion.

DONE and ORDERED this _____1st_____ day of December, 2006.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

8